1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  CRESENCIO ROCHEZ-SOLANO,                    CASE NOS. 12-CV-2447-H
                                                           09-CR-3485-H
12                               Petitioner,
                                                **ORDER DENYING**
13       vs.                                    **PETITIONER'S MOTION**
                                                **UNDER 28 U.S.C. § 2255**
14  UNITED STATES OF AMERICA,
15                               Respondent.
16
17          On October 5, 2012, Cresencio Rochez-Solano ("Petitioner"), proceeding *pro se*,
18  filed a petition to vacate, set aside, or correct his sentence ("Petition") pursuant to 28
19  U.S.C. § 2255.  (Doc. No. 47.)[1]  Petitioner seeks habeas relief on the grounds that he
20  was denied effective assistance of counsel in violation of his Sixth Amendment rights
21  during his and sentencing hearings.  (Doc. No. 47 at 4-5.)  On December 19, 2012,
22  Respondent filed a response in opposition.  (Doc. No. 53.)  Petitioner amended his
23  Petition on January 17, 2013, and on February 19, 2013, Respondent filed an amended
24  opposition. (Doc. Nos. 56, 58.)  For the reasons set forth below, the Court **DENIES** the
25  petition.
26  _____
27          [1] Unless otherwise indicated, document numbers in this order reference filings
    in 09-cr-3485.
28

1

**BACKGROUND**

2          On September 23, 2009, a federal grand jury charged Petitioner with one-count

3     of Attempted Entry into the United States after Deportation, in violation of 8 U.S.C. §

4     1326. (Doc. No. 12.)  On April 1, 2010, Petitioner pled guilty pursuant to a written plea

5     agreement in which he admitted that he had attempted to re-enter the United States

6     despite his illegal alien status.  (Doc. No. 31; Doc. No. 53, Ex. 2 at 11.)  His plea

7     agreement also contained a waiver of his right to appeal or collaterally attack his

8     conviction. (Doc No. 33 at 3; Doc. No. 53, Ex. 2 at 3, 9.)  He acknowledged, at his

9     presentence hearing, that he went over the plea agreement with his attorney, understood

10    the terms of the agreement including the waiver, and was satisfied with the advice he

11    received.  (Doc. No. 53, Ex. 2 at 8-9.)

12         In his sentencing memorandum, Petitioner requested a fifty-seven month

13    sentence.  (Doc. No. 42 at 1.)  The Government calculated Petitioner's advisory

14    adjusted offense level as twenty-one with a criminal history category of six, and

15    requested a seventy-seven month sentence, the low end of the corresponding advisory

16    guidelines range.  (Doc. No. 37 at 2.)  On August 9, 2010, this Court held a sentencing

17    hearing.  (Doc No. 45.)  After considering the arguments of the parties, the Presentence

18    Report ("PSR"),  and the sentencing factors set forth in 18 U.S.C. § 3553, this Court

19    sentenced Petitioner to sixty-three months in custody, the low end of the sixty-three to

20    seventy-eight month advisory Sentencing Guideline range.  (Doc. No. 46; Doc. No. 53,

21    Ex. 2 at 10-11.)  Upon learning his sentence, Petitioner once again acknowledged that

22    his right to appeal had been waived.  (Doc. No. 53, Ex. 2 at 12.)

23         Petitioner filed the present petition on October 5, 2012.  (Doc. No. 47.)  He

24    argues that he received ineffective assistance of counsel because his court-appointed

25    attorney (1) failed to investigate and raise his claim of derivative citizenship, (2) failed

26    to file timely objections to the PSR, and (3) failed to file a timely notice of appeal or

27    preserve issues for appellate review.  (Doc. No. 47 at 5-6.)  Respondent filed its

28

opposition on December 19, 2012, arguing that Petitioner's Petition should be denied because it is time-barred, and alternatively because Petitioner's claims lack merit. (Doc. No. 53 at 2.)

## DISCUSSION

### I.  Legal Standard for Petitions Under 28 U.S.C. § 2255

Petitioner challenges his conviction and sentence pursuant to 28 U.S.C. § 2255. Section 2255  authorizes the Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).  To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

### II.  Statute of Limitations

Habeas petitions by federal prisoners attacking their conviction and sentence pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  Under section 2255(f), the limitations period begins to run on "the date on which the judgment became final."  The Ninth Circuit explains that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."  United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)).

Petitioner's sentence was entered on August 9, 2010. (Doc. Nos. 45, 46.)  At that time, Petitioner was informed that he had fourteen days to file an appeal. (Doc. No. 53, Ex. 2 at 12:13-15.)  Petitioner, however, did not file a direct appeal, and his judgment therefore became final, at the latest, on August 23, 2010.  See United States. v.

Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (finding that the statute of limitations "began to run upon the expiration of the time during which [Petitioner] could have sought review by direct appeal"); see also United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000) (holding that the statute of limitations begins to run when a federal prisoner's time for filing a petition for writ of certiorari expires).  Thus, absent tolling, Petitioner had until August 23, 2011 to file his federal habeas petition.  Petitioner filed the present Petition on October 5, 2012, over two years after final judgment was entered.  (Doc. No. 47.)  Therefore, absent tolling, his Petition is time-barred under the applicable statute of limitations.

**A.     Equitable Tolling**

A petitioner who files a federal habeas petition pursuant to  section 2255 may be entitled equitable tolling.  See United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004) (finding that the similarity in language and purpose of sections 2254 and 2255 imply that the equitable tolling available under section 2254 applies equally to section 2255 petitions).  In order to benefit from equitable tolling, the petitioner bears the burden of establishing that "extraordinary circumstances beyond his control made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness."  Id. at 1197 (quoting Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)); see also Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (finding that the petitioner bears the burden of establishing that equitable tolling applies).

Petitioner in the present case fails to allege any circumstances that would conform with this high threshold.  Further, the record is devoid of any evidence that would support a finding that extraordinary circumstances led to his untimely filing.  Thus, Petitioner has not met his burden of showing that he is entitled to equitable tolling.

///
///
///

1

**B.      Actual Innocence Exception**

Petitioner asserts that he is entitled to an equitable exception to the one-year statute of limitations because he is actually innocent of the crime for which he has been convicted.  (Doc. No. 47 at 12.)  Specifically, Petitioner argues that he qualifies for derivative citizenship under 8 U.S.C. § 1431 and was therefore erroneously classified as an illegal alien.  (Doc. No. 47 at 5.)  The Ninth Circuit has suggested that a habeas petitioner who makes a credible showing of actual innocence may be entitled to have an otherwise time-barred constitutional claim considered on the merits.  See Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002) (finding that the actual innocence exception established by the Supreme Court in Schulp v. Delo, 513 U.S. 298 (1995),  might extend to a time-barred federal habeas petition).  Such a showing must take the form of new, reliable evidence, which together with existing evidence, renders it more likely than not that no reasonable juror would have convicted the petitioner.  Id. at 776 (quoting Schulp, 513 U.S. at 327).

Petitioner has failed to make a satisfactory showing of actual innocence because the record indicates that he is not entitled to derivative citizenship under the Child Citizenship Act ("CCA"), 8 U.S.C. § 1431.  Section 1431 provides that a child is automatically a United States citizen, despite being born outside the country, if the following conditions are met: (1) at least one of the child's parents is a United States citizen, whether by birth or naturalization; (2) the child is under the age of eighteen years; and (3) "the child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence." 8 U.S.C. § 1431(a).  Section 1431(b) extends the right to children adopted by a United States citizen provided that the child satisfies the requirements applicable to adopted children under 8 U.S.C. § 1101(b)(1).  First, Petitioner is not eligible for automatic citizenship pursuant to § 1431 because he was over the age of eighteen on February 27,

2001, the date the CCA came into effect.[2]  See Huges v. Ashcroft, 255 F.3d 752, 758-59 (9th Cir. 2001) (holding that automatic citizenship applies only to those who were under the age of eighteen on the date the CCA took effect).  Further, Petitioner does not assert, nor does the record indicate, that either of his parents were United States citizens.  (Doc. No. 53, Exs. 4-7.)  Instead, he contends that he was adopted by a United States Citizen.  (Doc. No. 47 at 5.)  Petitioner, however, fails to provide any evidence in support of this claim.  In fact, Petitioner's claim is refuted by the record, which shows that he was in long-term foster care, but was never adopted.  (Doc. No. 53, Exs. 8-10.)  Additionally, Petitioner expressly admitted in his Plea Agreement that he was not a United States citizen, and re-affirmed this fact when he entered his guilty plea.  (Doc. No. 53, Ex. 2 at 10.)  Petitioner has therefore failed to show that it is more likely than not that no reasonable juror would have convicted him.  Therefore, the Court concludes that Petitioner is not entitled to equitable tolling under Schulp.  Accordingly, the present Petition is time-barred pursuant to the one-year statute of limitations provision in 28 U.S.C. § 2255(f).

## III.    Ineffective Assistance of Counsel Claim

### A.    Legal Standard

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 684-86 (1984).  To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate (1) deficient performance by his counsel and (2) that the performance prejudiced Petitioner.  Strickland v. Washington, 466 U.S. 668, 687 (1984); see Hill v. Lockhart, 474 U.S. 52, 57 (1985) (holding that the Strickland test applies in "ineffective-assistance claims arising out of the plea process.").  The standard for deficient performance is whether his counsel's conduct was objectively reasonable under professional standards.  Strickland,

---

[2] Petitioner was born on August 23, 1979, and therefore turned eighteen on August 23, 1997, over three years before the effective date of the CCA.  (Doc. No. 53, Ex. 3.)

466 U.S. at 688-89.  To establish prejudice in this context, Petitioner must demonstrate that there is a reasonable probability that, but for counsel's actions, Petitioner would not have pled guilty and instead gone to trial.  Hill, 474 U.S. at 59.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  Petitioner bears the burden of overcoming the strong presumption in favor of reasonable professional assistance of counsel.  Id. at 689.  If the party claiming ineffective assistance of counsel makes an insufficient showing on one prong of the Strickland test, there is no reason for the deciding court to address both components.  Id. at 697.

## B.    Derivative Citizenship

Petitioner argues that his counsel's performance was ineffective because he failed to properly investigate the case to determine if Petitioner qualified for derivative citizenship under the CCA, and failed to argue that he did in fact qualify.  (Doc. No. 47 at 4.)  Specifically, Petitioner contends that the record demonstrates that he is entitled to derivative citizenship because he was adopted by American parents as a child.  (Doc. No. 47 at 5.)  In the present case, Petitioner has failed to show that his counsel's performance was deficient because the record fails to support Petitioner's claim that he was entitled to derivative citizenship under 8 U.S.C. § 1431.  Petitioner is not eligible for automatic citizenship because: (1) he was over the age of eighteen on the date the CCA came into effect; and (2) there is no evidence that he was ever adopted by a United States citizen.  (Doc. No. 53, Exs. 3, 7-10.)  Accordingly, Petitioner has failed to show that his counsel's failure to investigate and argue the applicability of section 1431 was objectively unreasonable.  Thus, Petitioner's ineffective assistance claim fails on this ground.

## C.    Sentencing Issues

Petitioner also argues that his counsel was ineffective because he failed to file objections to the PSR.  (Doc. No. 47 at 4.)  Petitioner fails, however, to specify any particular omitted objections that render counsel's assistance defective.  See Jones v.

<u>Gomez</u>, 66 F.3d 199, 204 (9th Cir. 1995) (emphasizing that habeas relief is not warranted on the basis of conclusory allegations that are not supported by specific facts). Further, the record demonstrates that Petitioner's counsel requested a downward departure based on cultural assimilation and over-representation of criminal history. (Doc. No. 53, Ex. 1 at 2-3.)  In fact, Petitioner's attorney argued for, and achieved for his client, a lesser sentence than that recommended by the PSR and the Government. (Doc. No. 53, Ex. 3 at 15; Ex. 1 at 10; Doc. No. 37.)  Neither the record nor the Petition indicate that other objections should have been made at sentencing.  Accordingly, Petitioner has failed to show that the lack of objections to the PSR prejudiced him in any way, therefore his ineffective assistance claim fails on this ground. <u>See</u> <u>Strickland</u>, 466 U.S. at 694.

### D.     Failing to File Timely Appeal

Finally, Petitioner argues that his counsel was ineffective because he failed to file a timely appeal and preserve issues for appellate review.  (Doc. No. 47 at 4.)  Failing to file a timely appeal may give rise to an ineffective assistance of counsel claim when the defendant expressly requests an appeal, or when counsel's failure to consult with his client regarding the possibility of an appeal was objectively unreasonable. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477-79 (2000).  Counsel has a duty to consult with the defendant about an appeal when "there is reason to think that (1) a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id.</u> at 480.  The Supreme Court in <u>Flores-Ortega</u> found that a defendant's guilty plea weighs heavily against these factors, particularly in cases where the plea involves a waiver of appeal rights. <u>See</u> <u>id.</u>

Petitioner has failed to show either that a rational defendant in his position would want to appeal, or that he in particular demonstrated an interest in appealing.  Petitioner expressly waived away his right to appeal the conviction and sentence in his plea agreement and acknowledged the waiver in open court.  (Doc. No. 53, Ex. 2 at 9.)  The court found the waiver was knowingly and voluntarily made. (<u>Id.</u> at 12.)  The evidence

supports this finding.  Petitioner admitted at his hearing that he had a full opportunity
to review the plea agreement with his counsel, and that he had a clear understanding of
the charges and consequences of his plea.  (Id. at 9.)  Furthermore, the court explained
the consequences of the waiver and Petitioner acknowledged that he understood.  (Id.)
Accordingly, counsel's alleged failure to file a timely notice of appeal or preserve issues
for appellate review does not fall below the standard of objective reasonableness.  Thus,
Petitioner's ineffective assistance claim fails on this ground.

## IV.    Certificate of Appealability

Under Federal Rule of Appellate Procedure 22(b), there is no appeal from a final
order in a proceeding under § 2255 unless a "circuit judge or district judge issues a
certificate of appealability under 28 U.S.C. § 2253(c)."  A "certificate of appealability
may issue . . . only if the applicant has made a substantial showing of the denial of a
constitutional right."   28 U.S.C. § 2253(c)(2).   To make the required showing, a
"petitioner must demonstrate that reasonable jurists would find the district court's
assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529
U.S. 473, 484 (2000).  Petitioner has failed to make such a showing.  Accordingly the
Court **DENIES** Petitioner a certificate of appealability.

## CONCLUSION

After due consideration of the petition and the law, the Court concludes that
Petitioner's petition to vacate, set aside, or correct the sentence pursuant to 28 U.S.C.
§ 2255 fails.  Accordingly, the Court **DENIES** the petition.

**IT IS SO ORDERED**.

DATED:  April 10, 2013

_____

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT